Daniel R. Hutzenbiler
OSB No. 176050
Donald "Max" McCullough III
OSB No. 233706
MCKANNA BISHOP JOFFE, LLP
1635 NW Johnson St.
Portland OR 97209
Telephone:  (503) 226-6111
Facsimile:  (503) 226-6121
E-mail: dhutzenbiler@mbjlaw.com
         mmccullough@mbjlaw.com

    Of Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST REGIONAL COUNCIL OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, LOCAL 16, <br><br> Petitioner, <br><br> v. <br><br> BRAWN MECHANICAL CORPORATION, <br><br> Respondent. | Civil No. <br><br> PETITION TO CONFIRM ARBITRATION AWARD |

**INTRODUCTION**

    1.    This is an action to confirm an arbitration award pursuant to Section 301 of the

Labor Management Relations Act, 29 U.S.C. §185 *et seq*.

///

///

Page 1 -    PETITION TO CONFIRM ARBITRATION AWARD

## PARTIES

2.  Petitioner, Northwest Regional Council of the International Association of Sheet Metal, Air, Rail and Transportation Workers Local 16 ("the Union"), is an unincorporated association organized and operated for the purpose of collectively representing workers in Oregon and Southwest Washington. The Union is a labor organization within the meaning of 29 U.S.C. §185(b) and represents employees in an industry affecting commerce within the meaning of 29 U.S.C. §185(b). The Union maintains its principal office in Portland, Oregon.

3.  Respondent, Brawn Mechanical Corporation ("Brawn Mechanical"), is an Oregon corporation engaged in the HVAC maintenance industry. Respondent is an employer within the meaning of 29 U.S.C. §152(2) and is engaged in commerce in an industry affecting commerce within the meaning of 29 U.S.C. §185(a) and 29 U.S.C. §152(6) and (7). Brawn Mechanical maintains its principal place of business in Oregon City, Oregon.

## JURISDICTION

4.  This action arises under Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185 *et seq.* This Court has jurisdiction pursuant to 29 U.S.C.§185(c) and 28 U.S.C. §1331 and §1337.

5.  Venue lies within the District of Oregon as the Union's principal office is in Oregon. Venue is proper under 29 U.S.C. §185(a) and 28 U.S.C. §1391(b)(2) and (c).

## FACTS

6.  Between 2020 and November 2023, Brawn Mechanical was bound by the terms of a written collective bargaining agreement, called the 2020-2023 Standard Form Union Agreement ("SFUA"), with the Union. The SFUA, among other things, established terms and conditions of employment including wages, union work jurisdiction, union hiring hall dispatch,

union security, and grievance and arbitration procedures for Brawn Mechanical's employees. A true and correct copy of the SFUA is attached hereto as Exhibit A.

7. The SFUA was effective between July 1, 2020 and June 30, 2023, and Article XVI, Section 16.01 provided that the SFUA "shall continue in force from year to year thereafter unless written notice of reopening is given not less than ninety (90) days prior to the expiration date." This provision means the terms of the SFUA continued in effect following the expiration of the agreement.

8. The SFUA further provided in Article XVI, Section 16.04 that the "Employer hereby waives any right it may have to repudiate this Agreement during the term of this agreement or during the term of any extension, modification or amendment to this Agreement."

9. The SFUA further provided in its Grievance Procedure, Article X, Section 10.05, that a Local Joint Adjustment Board ("LJAB") was "empowered to render such decisions and grant such relief to either party as [it] deem[s] necessary and proper, including award of damages or other compensation." Article X, Section 2 of the SFUA provided that "[e]xcept in the case of a deadlock, a decision of a Local Joint Adjustment Board shall be final and binding."

10. The SFUA further provided in Article X, Section 10.06 that, in the event of noncompliance with an LJAB decision, "a local party may enforce the award by any means including proceedings in a court of competent jurisdiction in accord with applicable state and federal laws" and that "[i]f the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such other relief as is directed by the courts."

11. On March 27, 2023, Brawn Mechanical sent a letter to the Union attempting to terminate or repudiate the SFUA upon its expiration. A true and correct copy of this letter is

attached hereto as Exhibit B. Brawn Mechanical did not provide written notice of reopening to the Union within ninety days of the SFUA expiration date. The Union attempted to bargain directly with Brawn Mechanical after the March 27 letter, but, on July 1, 2023, Brawn Mechanical reiterated its stance that it would not bargain over a successor agreement.

12. On July 11, 2023, Union representative Dustin Highsmith found Brawn Mechanical performing work covered by the SFUA with workers that were neither Union members nor dispatched through the Union's hiring hall, in violation of the SFUA. On August 8, 2023, the Union filed a timely grievance within thirty days after learning of this conduct, alleging violations of Brawn Mechanical's then-existing hiring and union security obligations under the SFUA. A true and correct copy of this grievance is attached hereto as Exhibit C.

13. On November 9, 2023, Brawn Mechanical's employees voted to decertify the Union, terminating Brawn Mechanical's remaining prospective obligations under the SFUA. This decertification became effective November 20, 2023.

14. On May 22, 2024, the LJAB met to consider the grievance between the Union and Brawn Mechanical. Brawn Mechanical chose not to attend these proceedings, but the LJAB considered a letter sent by Brawn Mechanical, dated May 20, 2024, as a record of its defense to the grievance.

15. On May 24, 2024, the LJAB issued a unanimous Decision finding that "Brawn Mechanical breached Article III section 3.01, Article IV Section 4.01, and Article V section 5.01 of the SFUA by employing workers who were not a part of the union bargaining unit, and by refusing to hire union members or enforce the Union Security Clause." A true and correct copy of this Decision is attached hereto as Exhibit D.

///

16. The LJAB further found that. "[a]ccording to the records provided by Brawn, the improperly hired and/or employed workers worked a total of 1,959.5 hours between July 1st, 2023 and November 20th, 2023."

17. For this violation of the SFUA, the LJAB awarded the Union damages of $93,754.48. The SFUA further awarded interest of 9% per annum, with accrual beginning on May 24, 2024, if Brawn Mechanical failed to pay these damages by June 23, 2024.

18. On July 5, 2024, the Union sent Brawn Mechanical a letter demanding payment of the damages and interest awarded to it by the LJAB Decision. A true and correct copy of this demand letter is attached hereto as Exhibit E.

19. To date, Brawn Mechanical has failed to pay the damages and interest awarded to the Union by the LJAB Decision.

20. Brawn Mechanical's failure to pay these damages and interest in accordance with the LJAB Decision has violated the bargained-for grievance and arbitration provision set forth in the SFUA to which Brawn Mechanical was subject until November 20, 2023.

21. The Union is entitled to confirmation of the LJAB Decision and entry of judgment in conformity with the Decision pursuant to the LMRA, 29 U.S.C. §185.

## CAUSE OF ACTION

22. Petitioner realleges paragraph 1-21. Respondent Brawn Mechanical has violated the parties' SFUA by failing to comply with the binding Decision of the LJAB issued pursuant to the grievance and arbitration procedure contained in the SFUA, thereby entitling Petitioner to damages, equitable relief, and attorneys' fees and costs pursuant to 29 U.S.C. §185.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1.  Assume jurisdiction over this case;

2.  Confirm the LJAB Decision;

3.  Order Respondent Brawn Mechanical to pay Petitioner damages and interest in accordance with the Decision, including $93,754.48 in damages, plus interest of 9% per annum from May 24, 2024, the date of entry of the Decision;

4.  Award Petitioner reasonable attorneys' fees and all expenses and costs incurred in bringing and pursuing this action, in accordance with Article X, Section 10.06 of the SFUA and the LMRA;

5.  Grant Petitioner such other relief as this Court may find just and proper.

DATED this   29th   day of July, 2024.

                          MCKANNA BISHOP JOFFE, LLP

                          s/ Daniel Hutzenbiler
                          Daniel Hutzenbiler, OSB No. 176050
                          Donald "Max" McCullough III, OSB No. 233706
                          Telephone: (503) 226-6111
                          Of Attorneys for Petitioner