IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NORTHWEST REGIONAL COUNCIL OF THE INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL & TRANSPORTATION WORKERS, LOCAL 16,<br><br>        Plaintiff,<br>  v.<br><br>BRAWN MECHANICAL CORPORATION,<br><br>        Defendant. | Case No.: 3:24-cv-01219-AN<br><br>OPINION AND ORDER |

Plaintiff Northwest Regional Council of the International Association of Sheet Metal, Air, Rail & Transportation Workers, Local 16 brought this action against defendant Brawn Mechanical Corporation, seeking to confirm an arbitration award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On June 11, 2025, the Court granted plaintiff's motion for judgment on the pleadings. On July 7, 2025, the Court entered judgment confirming the arbitration award. Plaintiff timely filed a motion for attorney's fees and bill of costs. For the reasons stated below, plaintiff's motion for attorney's fees and bill of costs are GRANTED.

**DISCUSSION**

**A.  Entitlement to Fees and Costs**

Under Federal Rule of Civil Procedure ("FRCP") 54(d)(2)(A), claims for attorney's fees "must be made by motion[.]" A motion for attorney's fees must "specify . . . the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii)-(iii). FRCP 54(d)(1) provides that "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party."

Section 301 does not expressly authorize an award of attorney fees. *See* 29 U.S.C. § 185. However, Article X, Section 10.06 of the parties' collective bargaining agreement ("CBA") provides:

> "In the event of non-compliance within thirty (30) calendar days following the mailing of a decision of a Local Joint Adjustment Board, Panel or the National Joint Adjustment Board, a local party may enforce the award by any means including proceedings in a court of competent jurisdiction in accord with applicable state and federal law. If the party seeking to enforce the award prevails in litigation, such party shall be entitled to its costs and attorney's fees in addition to such other relief as is directed by the courts. Any party that unsuccessfully challenges the validity of an award in a legal proceeding shall also be liable for the costs and attorneys' fees of the opposing parties in the legal proceedings."

Compl., ECF [1], Ex. A ("CBA"), at 17 (all references to ECF pagination).

The Court has confirmed the underlying arbitration award and entered judgment in plaintiff's favor, and it is undisputed that plaintiff is the prevailing party in this litigation. *See Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1182 (9th Cir. 2010) (citation modified) ("To be a prevailing party, a litigant must achieve a material alteration of the legal relationship of the parties, and the alteration must be judicially sanctioned."). Therefore, plaintiff is entitled to attorney's fees and costs.

**B.    Attorney's Fees**

The first step in determining reasonable attorney's fees is to calculate the lodestar, which "multipl[ies] the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *superseded in part by statute on other grounds as stated in Whitehead v. Colvin*, No. C15-5143RSM, 2016 WL 1464469, at *2 (W.D. Wash. Apr. 14, 2016)). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 433, 437). "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Hensley*, 461 U.S. at 434). "[T]he court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Id.* (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *op. am. on other grounds*

*following denial of reh'g*, 808 F.2d 1373 (1987)).  After computing the lodestar, courts consider whether certain additional factors, sometimes called the *Kerr* factors, warrant an adjustment of the "presumptively reasonable" lodestar figure.  *Intel Corp.*, 6 F.3d at 622 (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *abrogated in part on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)).

The court must review a requested fee award for reasonableness, regardless of whether an objection has been raised to the number of hours billed or the hourly rate applied.  *See Gates*, 987 F.2d at 1401 ("[T]he district court [is] required to independently review [the] plaintiffs' fee request even absent defense objections[.]").  Courts possess "considerable discretion" in determining the reasonableness of a fee award.  *See Webb v. Ada County*, 195 F.3d 524, 527 (9th Cir. 1999) (citation omitted).

1. *Reasonableness of Hours*

McKanna Bishop Joffe, LLP ("MBJ") seeks fees in the amount of $12,530.00 for 4.7 hours worked by Daniel Hutzenbiler, 0.4 hours by Noah Barish, 9.5 hours by Donald McCullough, 43.7 hours by Andrew Toney-Noland, 4.7 hours by Stephanie Harder, and 1.6 hours by Kathy Hamaoka.  *See* Decl. Andrew Toney-Noland Supp. Pet'r Mot. for Atty Fees ("Toney-Noland Decl."), ECF [37], Ex. 1.  In support of this request, MBJ submitted billing records detailing the tasks completed by each individual and the hours billed.  *See id.*  Defendant does not object to any of the billing entries.  Upon review of the billing records, the Court finds that the requested hours are reasonable.

2. *Reasonableness of Rates*

MBJ requests hourly rates of $210 to $215 for attorneys Hutzenbiler and Barish, $200 to $205 for attorneys McCullough and Toney-Noland, and $125 to $130 for legal assistants Harder and Hamaoka.  *See id.* ¶ 4 & Ex. 1.  Defendant does not object to any of the requested rates.

"The prevailing market rate in the community is indicative of a reasonable hourly rate."  *Jordan v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir. 1987) (footnote omitted) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).  "'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.'"  *Gonzalez v. City of Maywood*, 729 F.3d

3

1196, 1205 (9th Cir. 2013) (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citation omitted). Additionally, courts in this district have the benefit of several billing rate surveys, including the Oregon State Bar 2022 Economic Survey ("2022 OSB Economic Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. *See* Or. State Bar, *Oregon State Bar 2022 Economic Survey—Report of Findings* ("OSB Economic Survey") (2023), https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

  a. Attorney Rates

MBJ requests rates for Hutzenbiler and Barish of $210 per hour for 2024 and $215 per hour for 2025, and rates for McCullough and Toney-Noland of $200 per hour for 2024 to $205 per hour for 2025. Other than for Toney-Noland, MBJ does not provide any information regarding the attorneys' experience, skill, or reputation. MBJ states only that Hutzenbiler and Barish are partners, McCullough and Toney-Noland are associates, and Toney-Noland has been practicing law for approximately three years. *See* Toney-Noland Decl. ¶¶ 3-4 & Ex. 1.

According to the 2022 OSB Economic Survey, the median rate for private practitioners in Downtown Portland admitted to practice for zero to three years in 2021 was $300. OSB Economic Survey 42. All of MBJ's requested rates are lower than that median rate. In light of this metric, the Court finds that MBJ's requested rates for Hutzenbiler, Barish, McCullough, and Toney-Noland are reasonable. *See, e.g.*, *Wyatt B. v. Kotek*, No. 6:19-cv-00556-AA, 2024 WL 4867082, at *7-8 (D. Or. Nov. 22, 2024) (finding median and above-median rates to be reasonable, despite lack of information regarding counsel's educational and professional details).

  b. Legal Assistant Rates

MBJ requests rates for Harder and Hamaoka of $125 per hour for 2024 and $130 per hour

for 2025. MBJ similarly does not provide any details regarding Harder or Hamaoka's experience, certificates, or other qualifications.

"Although the OSB Economic Surveys contain no information regarding paralegal billing rates, Judges in this District have noted that a reasonable hourly rate for a paralegal should not exceed that of a first year associate." *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1248 (D. Or. 2013) (collecting cases). As previously noted, the median rate for a first-year associate in Downtown Portland in 2021 was $300. However, courts "often award[] hourly rates below the average rates for first-year associates, and only var[y] upwards when the paralegal ha[s] extensive experience." *Magallon v. Robert Half Int'l Inc.*, No. 6:13-cv-1478-SI, 2025 WL 1326740, at *5 (D. Or. May 7, 2025). In light of these considerations, the Court finds that MBJ's requested rates for Harder and Hamaoka are reasonable. *See, e.g.*, *id.* (awarding $250 per hour for paralegal time, despite lack of evidence of paralegals' qualifications); *Meyer v. Mittal*, No. 3:21-cv-00621-HZ, 2025 WL 654075, at *6 (D. Or. Feb. 28, 2025) (footnote omitted) ("[A]bsent evidence of [the paralegal's] experience, paralegal certificates, other qualifications, the requested rate of $150 per hour is reasonable for hours expended in 2022 and a rate of $175 per hour is reasonable for hours expended in 2023 and 2024.").

**B.     Costs**

Plaintiff seeks costs in the amount of $622.60 for fees of the Clerk and fees for service of summons and subpoena. Defendant does not object to plaintiff's requested costs. All of the requested costs are recoverable under 28 U.S.C. § 1920, and plaintiff has provided the Court with sufficient supporting documentation. Because plaintiff's costs are reasonable and unopposed, the Court awards plaintiff's requested costs.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Attorney's Fees, ECF [36], and Bill of Costs, ECF [34], are GRANTED. The Court awards plaintiff $12,530.00 in attorney's fees and $622.60 in costs.

IT IS SO ORDERED.

DATED this 7th day of August, 2025.

                                                 Adrienne Nelson
                                                 United States District Judge